1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEBORAH A. ALDRIDGE,

            Plaintiff,

     v.

UNION FIDELITY LIFE INS. CO., et
al.,

            Defendants.

No. 05-CV-1517-FVS-LJO

ORDER

**THIS MATTER** came before the Court on February 23, 2006, based upon the defendants' motion for summary judgment. They were represented by Cynthia A. Palin. The plaintiff was represented by Philip S. Bianco. This order serves to memorialize the Court's oral ruling.

**BACKGROUND**

Jack Aldridge, Jr., purchased a life insurance policy from Union Fidelity Life Insurance Company. On August 28, 2004, Mr. Aldridge, his teenage son, Shawn Aldridge, and two of Shawn's friends, Ryan Baker and Emmanuel Llamas, spent the afternoon riding off-road vehicles in Tulare County, California. Mr. Aldridge was driving a three-wheel, all-terrain vehicle. The three boys insist they were with Mr. Aldridge continuously from about 12:30 p.m. until about 6:30 p.m. They further insist they did not observe him ingest cocaine or

ORDER - 1

drink an alcoholic beverage. At about 6:30 p.m., the three boys separated from Mr. Aldridge. Approximately one hour later, Shawn discovered his father's body about one-half mile from the point at which the boys had last seen him. Police reports indicate Mr. Aldridge's all-terrain vehicle left the dirt road on which he was traveling and struck a rock. The reports further indicate Mr. Aldridge was ejected from his vehicle, landing among the rocks where his body was discovered. Gary Walter, M.D., performed an autopsy on August 31, 2004. He determined that Mr. Aldridge died as a result of cervical fracture. Dr. Walter obtained a blood sample during the autopsy. The lab report states that Mr. Aldridge's blood tested positive for cocaine and that his blood alcohol level was .24%. His widow, Deborah Aldridge, submitted a claim for death benefits to Union Fidelity. Less then three months later, Union Fidelity denied her claim. As authority, it cited the lab results and a policy provision excluding coverage "if death . . . results directly or indirectly from . . . the voluntary taking of . . . alcohol [or] drug[s.]" Mrs. Aldridge filed a lawsuit against Union Fidelity in state court. Union Fidelity timely removed the matter to federal court based upon diversity of citizenship. 28 U.S.C. §§ 1441(b), 1332. As this is a diversity action, the Court applies state substantive law and federal procedural law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 2219, 135 L.Ed.2d 659 (1996); *Conestoga Servs. Corp. v. Executive Risk Indem.*,

ORDER - 2

*Inc.*, 312 F.3d 976, 980-81 (9th Cir.2002). Union Fidelity moves for summary judgment. Fed.R.Civ.P. 56(b). Prior to oral argument, Mrs. Aldridge did not dispute the accuracy of the lab results. Although she indicated during oral argument that she has not had an opportunity to conduct discovery, she did not ask the Court to defer ruling upon Union Fidelity's summary judgment motion. Fed.R.Civ.P. 56(f).

**RULING**

As noted above, the insurance policy at issue here contains an exclusion that relieves Union Fidelity of any obligation to pay benefits "if [the insured's] death . . . results directly or indirectly from . . . the voluntary taking of . . . alcohol [or] drug[s.]" Given this exclusion, the police reports, and the lab results, Union Fidelity argues that no reasonable juror could find that it breached its insurance contract with Mr. Aldridge by denying Mrs. Aldridge's claim. She disagrees, citing the testimony of her son and his two friends. The boys insist they were continuously with Mr. Aldridge throughout the afternoon of August 24, 2004. They are prepared to testify that they did not observe him consume cocaine or alcohol and that they did not observe any indication his driving was impaired. Their anticipated testimony cannot be reconciled with the lab results. In order to dismiss Mrs. Aldridge's breach-of-contract claim, the Court would have to determine that the lab results are more credible than the boys' testimony. This is not a determination

ORDER - 3

a judge is permitted to make under Rule 56; rather, it a determination a jury must make after considering all of the evidence presented at trial. Thus, Union Fidelity's motion for summary judgment with respect to Mrs. Aldridge's breach-of-contract claim must be denied. Her bad-faith claim is another matter. In order to prevail, she must prove that Union Fidelity's decision to deny death benefits was unreasonable or without proper cause. *See Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal.App.4th 335, 347, 108 Cal.Rptr.2d 776, 784 (2001). Where, as here, a genuine issue exists with respect to Union Fidelity's liability for death benefits, Union Fidelity cannot be held liable for acting in bad faith even though it might be liable for breach of contract. *See id.* That Union Fidelity had a good-faith basis for denying Mrs. Aldridge's claim cannot be doubted. In view of the lab results (particularly a blood alcohol level of .24%), no reasonable juror could fault Union Fidelity for concluding that Mr. Aldridge voluntarily consumed cocaine and alcohol on August 28, 2004. Nor could a reasonable juror fault Union Fidelity for concluding that, at the very least, his death was an indirect result of his voluntary consumption of cocaine and alcohol. Thus, Union Fidelity's decision to deny death benefits cannot be considered unreasonable even if it turns out to have been mistaken. Mrs. Aldridge's bad-faith claim must be dismissed. Since her request for punitive damages is based exclusively upon her bad-faith claim, her request for punitive

ORDER - 4

damages must be denied. *See CalFarm Ins. Co. v. Krusiewicz*, 131
Cal.App.4th 273, 292, 31 Cal.Rptr.3d 619, 633 (2005).

**IT IS HEREBY ORDERED:**

1. Union Fidelity's motion for summary judgment with respect to
Mrs. Aldridge's breach-of-contract claim (**Ct. Rec. 8**) is denied.

2. Union Fidelity's motion for summary judgment with respect to
Mrs. Aldridge's bad-faith claim (**Ct. Rec. 8**) is granted.

(a) Mrs. Aldridge's bad-faith claim is dismissed with prejudice;
and

(b) Mrs. Aldridge's request for punitive damages is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby
directed to enter this order and furnish copies to counsel.

**DATED** this __24th__ day of February, 2006.

                          s/ Fred Van Sickle
                          Fred Van Sickle
                          United States District Judge

ORDER - 5